# T. M. KILDOW CIGAR COMPANY *v.* GEORGE B. SPRAGUE CIGAR COMPANY.

### TRADEMARKS; DECEPTIVE MARKS.

Registration as a trademark of the words "Half Spanish," as applied to stogies and cigars, in the manufacture of which half of the tobacco used is not Spanish, is properly denied by the Commissioner of Patents, as the words are deceptive, and would be likely to deceive purchasers.

No. 639. Patent Appeals. Submitted May 4, 1910. Decided May 26, 1910.

HEARING on an appeal from a decision of the Commissioner of Patents in a trademark interference proceeding.

*Affirmed.*

The facts are stated in the opinion.

*Mr. H. E. Dunlap* and *Mr. Howard A. Coombs* for the appellant.

*Messrs. Finkel & Finkel* for the appellee.

Mr. Justice BARNARD of the Supreme Court of the District of Columbia, who sat with the Court in the hearing and determination of this appeal, in place of Mr. Chief Justice SHEPARD, delivered the opinion of the Court:

The appellant, T. M. Kildow Cigar Company, of Bethesda, Ohio, filed its application for the registration of a trademark, to be applied to stogies and cigars, and affixed as a label to the boxes, the words of which were "Half Spanish."

The registration of this trademark was opposed by the George B. Sprague Cigar Company, of Columbus, Ohio, on

the ground that the said Company also used a trademark composed of the same words.

Testimony was taken, and the case was heard before the Examiner, who dismissed the opposition, and held that the T. M. Kildow Cigar Company was entitled to the registration of said mark as a technical trademark, which, when adopted, was not descriptive or deceptive.

The opposer thereupon took an appeal to the Commissioner of Patents, who reversed the Examiner, and refused registration, holding the said mark not entitled to registry either as a technical trademark, or under the ten-year clause of the trademark act.

From this decision an appeal was taken to this court.

The evidence seems to be clear that the words "Half Spanish" were used by other parties beside the applicant within the ten years preceding the passage of the trademark statute, and that the applicant is not, therefore, entitled to registry under that clause.  The words "Half Spanish" were refused registry by the Commissioner, on the ground that they were either descriptive, or they were deceptive.  If they described the kind of tobacco that is used in the stogies and cigars manufactured by the applicant, they are general words of description that may be used by others.  If the tobacco used is not Spanish, or less than one half Spanish, the mark would be deceptive, for it seems reasonable to suppose that purchasers would be led to believe from the name that the goods did contain half Spanish tobacco.

Without consideration of the other features of this case which have been presented in argument, we have reached the conclusion that registration must be refused, because of the deceptive character of the words composing the trademark, as they would be likely to deceive purchasers, no claim being made that half of the tobacco used in the manufacture of the cigars and stogies was Spanish.

The decision of the Commissioner of Patents will therefore be *affirmed.*